IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD STREET, | No. C 11-05126 CW (PR) |
| Petitioner, | ORDER TO SHOW CAUSE; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| W. KNIPP, Warden, | (Docket nos. 3 & 7) |
| Respondent. | |

Petitioner, a state prisoner, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his criminal conviction. It does not appear from the face of the petition that it is without merit. Accordingly, the Court will order a response to the petition, as set forth below.

Petitioner requests the appointment of counsel to represent him in this action. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or

physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. The Court notes that Petitioner has presented his claims adequately in the petition, and no evidentiary hearing appears necessary. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED. This denial is without prejudice. The Court may reconsider on its own motion and appoint counsel if the Court finds an evidentiary hearing is necessary following consideration of the merits of Petitioner's claims.

In view of Petitioner's pauper status, the Court GRANTS the application to proceed in forma pauperis.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's request for the appointment of counsel is DENIED. (Docket no. 3.)

2. Petitioner's application to proceed in forma pauperis is GRANTED. (Docket no. 7.)

2

3.     The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this Order on Petitioner at his current address.

4.     Respondent shall file with this Court and serve upon Petitioner, within <u>one-hundred twenty (120) days</u> of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

5.     If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within <u>sixty (60) days</u> of his receipt of the Answer.  Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision <u>sixty (60) days</u> after the date Petitioner is served with Respondent's Answer.

6.     Respondent may file with this Court and serve upon Petitioner, within <u>sixty (60) days</u> of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within <u>sixty (60) days</u> of receipt of the motion, and Respondent shall file

with the Court and serve on Petitioner a reply within <u>fifteen (15) days</u> of receipt of any opposition.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>ten (10) days</u> prior to the deadline sought to be extended.

This Order terminates Docket nos. 3 and 7.

IT IS SO ORDERED.

Dated: 1/11/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE